# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **CHARLES E. PURYEAR,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19CV00009 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **THE HARTFORD INSURANCE** | ) | By: James P. Jones |
| **COMPANY OF THE SOUTHEAST,** | ) | United States District Judge |
| **ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Robert B. Hines, II, Jonesville, Virginia, and John E. Jessee, Jessee, Read & Howard, P.C., Abingdon, Virginia, for Plaintiff; George E. Reede, Jr., and Jessica E. Pak, Niles, Barton & Wilmer, LLP, Baltimore, Maryland, for Defendants The Hartford Insurance Company of the Southeast, The Hartford Insurance Company of the Midwest, and Trumbull Insurance Company; James N. L. Humphreys, Hunter, Smith & Davis, LLP, Kingsport, Tennessee, for Defendant Heritage Insurance Services, Inc.*

This diversity action arises out of a commercial inland marine insurance policy (the "Policy") insuring certain musical instruments. The insured has sued several insurance companies as well as an insurance agent for failing to cover the loss of the property in a fire. Two of the insurance companies and the agent have moved to dismiss on the grounds that the Complaint does not sufficiently allege that they were parties to the insurance contract. For the reasons that follow, I will grant the motions to dismiss.

# I.

The Complaint alleges the following facts, which I must accept as true for the purpose of deciding the motions to dismiss.

Trumbull Insurance Company provided the Policy to plaintiff Charles E. Puryear, the named insured, covering loss of a 1959 Les Paul guitar for an amount up to $325,000; a 1954 Stratocaster guitar up to $45,000; and a 1961 Bandmaster amplifier up to $2,000. The Policy insured against losses caused by fire, among other things. Puryear obtained the Policy through Heritage Insurance Services, Inc. The Hartford Insurance Company of the Southeast and The Hartford Insurance Company of the Midwest administered the Policy.

On January 31, 2017, a fire at Puryear's home destroyed the guitars and the amplifier. Puryear alleges that at that time, the Les Paul guitar was worth at least $325,000; the Statocaster guitar was worth at least $45,000; and the Bandmaster amplifier was worth at least $2,000.

Puryear filed a claim for the value of the instruments in accord with the Policy. Puryear had paid the Policy premiums, and the Policy was in full force and effect at the time he filed the claim. However, Puryear alleges that the defendants have failed to pay the funds due and owing as a result of the destruction of the insured items. Puryear seeks damages from the defendants, jointly and severally,

in the amount of $372,000, the total amount of the insured loss, along with interest from the date of the loss, and costs and reasonable attorneys' fees.

Puryear filed his Complaint in state court, and the defendants timely removed the case to this court.[1] The defendants, other than Trumbull Insurance Company, have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions to dismiss are ripe for decision.[2]

II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-

---

[1] This court has subject-matter jurisdiction based on diversity of citizenship and amount in controversy. 28 U.S.C. § 1332(a)(1), (c)(1).

[2] The plaintiff has not filed a response to the motions to dismiss and the time to respond under the Local Rules has passed.

pled facts and construes those facts in the light most favorable to the plaintiff. *See Id*. at 678-79. A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

A.

Defendants, The Hartford Insurance Company of the Southeast and The Hartford Insurance Company of the Midwest, as well as Heritage Insurance Services, Inc., have moved to dismiss the Complaint for failure to state a claim because they contend that they are not parties to the Policy and thus they are not liable for the alleged breach of the Policy's terms.

Under Virginia law, an insurance policy is a contract, and the principles applicable to all contracts likewise govern insurance policies.[3] *Graphic Arts Mut.*

---

[3] In this diversity action, Virginia's choice-of-law rules govern. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Virginia, "generally, the law of the place where an insurance contract is written and delivered controls issues as to its coverage." *Buchanan v. Doe*, 431 S.E.2d 289, 291 (Va. 1993). Delivery does not occur until the insured takes physical possession of the policy. *Admiral Ins. Co. v. G4S Youth Servs.*, 634 F. Supp. 2d 605, 611 (E.D. Va. 2009) (applying Virginia law). Here, the Complaint does not specify where delivery occurred. However, it is reasonable to infer that Puryear took physical possession of the policy where he resides in Virginia, and the defendants have cited to Virginia law. Accordingly, I will apply Virginia law in this case. *See Firemen's Ins. Co. of Wash. v. Kline & Son Cement Repair, Inc.*, 474 F. Supp. 2d 779, 788 (E.D. Va. 2007) (applying Virginia law after finding it reasonable to infer that the insurance policy at issue was delivered to the insureds in Virginia and noting that the parties had not contested the application of Virginia law).

*Ins. Co. v. C.W. Warthen Co.*, 397 S.E.2d 876, 877 (Va. 1990). Insurance agents acting on behalf of insurance issuers to obtain coverage for others are not liable in suits alleging that the issuer breached the insurance contract. *Richards Corp. v. McCarthy*, Law No. 11849, 1991 WL 834889, at *1 (Va. Cir. Ct. Mar. 27, 1991). While the Corporate Disclosure Statements filed in this case show that all three of the insurance companies sued are affiliated with The Hartford Financial Services Group, Inc., there are no facts alleged that implicate any insurance coverage by any of the separate corporations other than Trumbull Insurance Company.

The declarations page of the Policy names Puryear as the insured, Trumbull Insurance Company as the insurer, and Heritage Insurance Services, Inc., as the agent or broker.[4] No facts alleged in the Complaint contradict those facts and indeed, support them. Accordingly, Puryear's Complaint against The Hartford Insurance Company of the Southeast, The Hartford Insurance Company of the Midwest, and Heritage Insurance Services, Inc. fails to state a claim upon which relief can be granted.[5]

---

[4] Although a copy of the Policy was not filed with Puryear's Complaint, I will consider it in ruling on these motions to dismiss because the Complaint incorporated it by reference and the plaintiff does not contest the authenticity of the copy of the policy submitted by the defendants. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[5] Heritage Insurance Services, Inc. has also filed a Motion for Summary Judgment, in which it makes the same argument as in its Motion to Dismiss. Because I find that the Complaint fails to state a claim against Heritage, I find that its Motion for Summary Judgment is moot.

III.

For the foregoing reasons, it is **ORDERED** as follows:

1. The motions to dismiss, ECF Nos. 7 and 10, are GRANTED and the action against The Hartford Insurance Company of the Southeast, The Hartford Insurance Company of the Midwest, and Heritage Insurance Services, Inc., is DISMISSED.  The Clerk shall terminate The Hartford Insurance Company of the Southeast, The Hartford Insurance Company of the Midwest, and Heritage Insurance Services, Inc., as parties to this case; and

2. The Motion for Summary Judgment by Heritage Insurance Services, Inc., ECF No. 13, is DENIED AS MOOT.

ENTER: April 3, 2019

/s/ *James P. Jones*
United States District Judge